
NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX A. MCCURDY,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | No. C 07-4072 JF (PR)<br><br>ORDER DENYING RECONSIDERATION; DIRECTING FINANCIAL OFFICE TO REFUND OF FILING FEE<br><br>(Docket No. 5) |

On August 8, 2007, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On that same day, the Court sent a notification to Petitioner informing him that he had neither paid the filing fee nor submitted a completed application for leave to proceed in forma pauperis. The Court provided a copy of the correct form for application to proceed in forma pauperis, along with a return envelope, instructions, and a notification that the case would be dismissed if Petitioner failed to pay the fee or file the supporting documentation within thirty days. On September 28, 2007, Petitioner had not paid the filing fee, submitted a completed in forma pauperis application, or otherwise communicated with the court, although the deadline for doing so had passed 21 days previously. Accordingly, on that date, the Court dismissed the complaint without prejudice.

1    On October 22, 2007, Petitioner filed a motion for reconsideration of the dismissal.
Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for
reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil
Procedure. Rule 59(e) is inapplicable to Petitioner's request, because the request was
submitted after the time for filing such a motion had passed. See Fed. R. Civ. P. 59(e)
(providing motion must be filed no more than ten days following entry of judgment).

Rule 60(b), which does not contain an express deadline for filing, provides for
reconsideration where one or more of the following is shown: (1) mistake, inadvertence,
surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not
have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding
of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See
Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
Although couched in broad terms, subparagraph (6) requires a showing that the grounds
justifying relief are extraordinary. See Twentieth Century - Fox Film Corp. v. Dunnahoo,
637 F.2d 1338, 1341 (9th Cir. 1981).

Here, Petitioner alleges in his motion that on August 12, 2007, he sent the filing fee to
the Court "through the institutional procedures," but money was not being sent by the
institution because the state budget had not yet been passed. Reconsideration cannot be
granted because Petitioner submits no evidence supporting his allegations, such as
documentation showing that he requested payment of the fee to the Court in this case on
August 12, 2007 or at any time prior to the September 7, 2007 deadline. Even if he could
supply such evidence, and demonstrate that he was in fact prevented from paying the filing
fee prior to the deadline by the institution or other forces beyond his control, Petitioner offers
no explanation as to why he did not seek an extension of time for the deadline or otherwise
communicate his predicament to the court prior to October 22, 2007, six weeks after the
deadline expired. Had Petitioner checked his trust account, or the Court's docket, in advance
of the deadline, he would have learned that the fee had not been paid, and he could have
timely requested more time. Petitioner offers no explanation for his failure to do so.

1  Petitioner's payment of the filing fee on October 22, 2007, six weeks after the deadline
2  expired, is far too late.  Under these circumstances, the Court finds no basis for granting
3  reconsideration of the dismissal of this action.  See Twentieth Century - Fox Film Corp. v.
4  Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (motions for reconsideration should not be
5  frequently made or freely granted).  Accordingly, Petitioner's motion for reconsideration
6  (Docket No. 5) is DENIED.  As the dismissal of this action was without prejudice, Petitioner
7  is may proceed with his petition in a new habeas action filed in this Court.

     The Clerk shall forward a copy of this order to the Court's financial office, which shall, in light of the dismissal of this action, refund the late-paid filing fee to Petitioner.

     This order terminates Docket No. 5.

     IT IS SO ORDERED.

DATED: __9/12/08_____

                                    JEREMY FOGEL
                                    United States District Judge